IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THEODORE F. LEE, | |
| Plaintiff, | No. C 12-04526 JSW |
| v. | |
| UNITED STATES OF AMERICA, | **ORDER REGARDING DEFENDANT'S MOTION TO DISMISS** |
| Defendant. | |

Now before the Court is the motion to dismiss for lack of jurisdiction, as well as the motion for partial dismissal for failure to state a claim, filed by defendant United States of America ("Defendant"). The Court finds that these matters are appropriate for disposition without oral argument and are hereby deemed submitted. *See* Civ. L.R. 7-1(b). Accordingly, the hearing set for March 22, 2013 is HEREBY VACATED. Having carefully reviewed the parties' papers and considered their arguments and the relevant legal authority, and good cause appearing, the Court hereby finds that this Court lacks subject matter jurisdiction and thus transfers this action.

**ANALYSIS**

Plaintiff Theodore F. Lee ("Plaintiff") filed this action to quash a formal discovery request issued by the Internal Revenue Service ("IRS"). Subject matter jurisdiction over such actions is conferred by 26 U.S.C. § 982(c)(2)(B), which provides that "[t]he United States district court for the district in which the person (to whom the formal document request is mailed) resides or is found shall have jurisdiction to hear any proceeding brought" to quash the

request. Federal courts are presumptively without jurisdiction over civil cases and the burden of establishing the contrary rests upon Plaintiff as the party who is asserting jurisdiction. *See Kokkonen v. Guardian Life Insurance Co. of America*, 511 U.S. 375, 377 (1994).

The parties dispute whether Plaintiff is "found" within this district for purposes of establishing subject matter jurisdiction pursuant to 26 U.S.C. § 982. The statute does not define "found," and the Court could not find any authority construing it. However, "Congress intended the standards for enforcement of an IRS summons and [formal document request] to be the same." *Matter of Intn't Mktg v. United States*, 1990 WL 138528, *2, 90-2 U.S. Tax. Cas. (CCH) P50,476 (N.D. Cal. Aug. 20, 1990). The statutory provision that provides jurisdiction over actions to quash an IRS summons, 28 U.S.C. § 7609, is virtually identical to the jurisdictional provision relating to formal document requests. *See* 28 U.S.C. § 7609(h) ("The United States district court for the district within which the person to be summoned resides or is found shall have jurisdiction to hear and determine any proceeding" to quash the summons.) Therefore, the Court will look to cases construing the term "found" in Section 7609.

Although there is limited authority construing the term "found" in Section 7609, the courts that have examined this issue have unanimously required a presence in the district. *See Williams v. United States*, 2005 WL 3105404, *2 (E.D. Tenn. July 29, 2005) (finding "[a] branch office indicates a significant presence within the district" and, thus, "is sufficient to support subject matter jurisdiction under 26 U.S.C. § 7609(h)(1)"); *Scharringhausen v. United States*, 2003 WL 352764, at *2 (S.D. Cal. Jan. 15, 2003) (finding court lacked subject matter jurisdiction because the summoned financial institution did not have an office in the state of California); *Oldham v. United States*, 2002 WL 1077311, at *3 (D. Or. May 6, 2002) (IRS conceded that two financial institutions maintained branch offices in Oregon and were subject to the court's jurisdiction, but other entities did not have branch offices in Oregon, and the records sought were located in other districts); *see also Oldham v. United States,* 2002 WL 850205, at *2 (D. Or. Mar. 21, 2002 ("The 'branch office' test is a practical solution to the hybrid jurisdictional question presented, as it maintains a distinction between 'reside' and 'found,' but requires a physical presence within the forum and is therefore consistent [with] the

1 limited case law which requires something more than a Due Process analysis of minimum
2 contacts.").

3 Plaintiff relies on *United States v. Toyota Motor Corp.*, 561 F. Supp. 354 (C.D. Cal.
4 1983) for the proposition that the term "found" should be construed broadly and is coterminous
5 with the minimum contacts test for personal jurisdiction. However, Plaintiff's reliance is
6 misplaced. The court in *Toyota Motor* was construing the jurisdictional provision in 26 U.S.C.
7 § 7604, which governs the authority of the IRS to bring petitions to enforce a summons. In
8 contrast to Section 7604, jurisdiction pursuant to Section 7609(h) "must be strictly construed
9 because it is a condition precedent to the waiver of sovereign immunity." *Ponsford v. United*
10 *States*, 771 F.2d 1305, 1309 (9th Cir. 1985) (holding that "the twenty-day filing requirement of
11 § 7609(b)(2)(A) is jurisdictional ...[so] must be strictly construed because it is a condition
12 precedent to the waiver of sovereign immunity."); *see also Spitzer v. United States*, 2012 WL
13 6049696, *2 (D. Ariz Dec. 5, 2012). Similar to Section 7609(h), 28 U.S.C. § 982 is a condition
14 precedent to the waiver of sovereign immunity. Therefore, the Court does not find the analysis
15 in *Toyota Motor* aids in the determination of whether the Court has subject matter jurisdiction
16 over this action to quash the formal document request.

17 Plaintiff also relies on *Lidas, Inc. v. United States*, 238 F.3d 1076 (9th Cir. 2001), but
18 *Lidas* is inapplicable. The court in *Lidas* addressed whether notice of the IRS summons was
19 sufficient. *Id*. at 1083. In fact, the court noted that the plaintiff had confused their objection to
20 service of the IRS notification as an objection to subject matter jurisdiction and clarified that
21 subject matter jurisdiction was not implicated by the plaintiff's suit. *Id*. at 1083 n. 3.

22 Plaintiff fails to present any evidence demonstrating he is "found" in this district.
23 Instead, he relies solely on the fact that he authorized his attorney with the power of attorney
24 under IRS Form 2848 to accept service on his behalf and that his attorney is located in this
25 district. Neither of which is relevant to whether *Plaintiff* is found in this district. At most,
26 Plaintiff submits a declaration from his counsel in which he states that Plaintiff "regularly
27 travels to San Francisco to meet with [counsel] and to conduct business." (Declaration of
28 Edward C. Ord, ¶ 5.) Plaintiff's counsel does not state how often or when Plaintiff traveled to

3

San Francisco or even describe what business he conducts here. The Court finds this singular, conclusory sentence by Plaintiff's counsel to be insufficient to meet Plaintiff's burden of demonstrating that he has a presence in this district and, thus, is "found" here. Accordingly, the Court GRANTS Defendant's motion to dismiss for lack of subject matter jurisdiction.

However, because both Plaintiff and Defendant agree that this action could have been filed in the Nevada, the Court finds that this matter should be transferred rather than dismissed. Pursuant to 28 U.S.C. § 1406(a), "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." The Court finds that it is in the interests of justice to transfer this case to the United States District Court for the District of Nevada.

**CONCLUSION**

For the reasons stated herein, the Court grants Defendant's motion and transfers this case to the United States District Court for the District of Nevada. The Clerk is directed to transfer the file forthwith.

**IT IS SO ORDERED.**

Dated: March 18, 2013

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE

4